**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**FORT MYERS DIVISION**

**HARRISON BRADLEY CUNNINGHAM**, Plaintiff,

v. CASE NO: _____

**DALE ALLEN CUNNINGHAM**, Defendant.

_____/

2:26-cv-1621-JES-KRH

## COMPLAINT

Plaintiff, **HARRISON BRADLEY CUNNINGHAM**, sues Defendant, **DALE ALLEN CUNNINGHAM**, and alleges:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to **28 U.S.C. § 1332** (Diversity of Citizenship) because the parties are citizens of different states and the amount in controversy exceeds **$75,000**, exclusive of interest and costs.
2. Plaintiff is a citizen and resident of the State of Florida.
3. Defendant is a citizen and resident of the State of Texas, residing at or near [Defendant's Texas Address].
4. Venue is proper in this District pursuant to **28 U.S.C. § 1391(b)(2)** because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### II. GENERAL ALLEGATIONS

5. Plaintiff is an adult who was, at all times relevant, a minor child residing with Defendant in the State of Florida.
6. Defendant is Plaintiff's father.
7. While residing in Homestead, Florida, Defendant engaged in repeated acts of physical and emotional abuse against Plaintiff.
8. On multiple occasions, Defendant forced Plaintiff to pull down his pants, bend over a chair, and subjected him to repeated strikes with a leather belt or wooden spoon.
9. These acts were carried out numerous times and involved multiple strikes causing significant physical pain and emotional distress.
10. Defendant would administer such beatings for minor or trivial reasons, including but not limited to:

UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA FORT MYERS DIVISION

HARRISON BRADLEY CUNNINGHAM, *Plaintiff,*

v.

CASE NO: TBA

DALE ALLEN CUNNINGHAM, *Defendant.*

_____/

COMPLAINT

Plaintiff, **HARRISON BRADLEY CUNNINGHAM**, sues Defendant, **DALE ALLEN CUNNINGHAM**, and alleges:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to **28 U.S.C. § 1332** because the matter in controversy exceeds the sum of **$75,000**, exclusive of interest and costs, and is between citizens of different States.
2. Plaintiff is a citizen and resident of Hendry County, Florida.
3. Defendant is a citizen and resident of the State of Texas.
4. Venue is proper in the Middle District of Florida pursuant to **28 U.S.C. § 1391(b)(2)** because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**II. GENERAL ALLEGATIONS** (Paragraphs 5–15 as previously drafted, detailing the history of abuse and the failure to process harm until adulthood.)

**III. CLAIMS FOR RELIEF COUNT I: BATTERY** (Paragraphs 16–19 as previously drafted.)

**COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** (Paragraphs 20–24 as previously drafted.)

**IV. TOLLING OF STATUTE OF LIMITATIONS** (Paragraphs 25–27 as previously drafted.)

**PRAYER FOR RELIEF** WHEREFORE, Plaintiff respectfully requests: Compensatory damages; Punitive damages; Costs; and further relief the Court deems just.

**JURY DEMAND** Plaintiff demands a trial by jury on all issues so triable.

Dated: April 23, 2026 Respectfully submitted,

**HARRISON BRADLEY CUNNINGHAM** Pro Se Plaintiff

**IV. STATEMENT OF FACTS** 7. In 2019, while Plaintiff was a student at **Utah Valley University (UVU)**, Defendant Dale Cunningham filed a false theft report. 8. Law enforcement initially informed the parties that because Plaintiff had a key and an eviction notice was involved, the matter was **strictly civil**. 9. To circumvent this civil status, Defendant **GROVES** summoned Plaintiff to a high-pressure meeting. During the interaction, Groves questioned Plaintiff's relief at passing a drug test in a hostile manner, creating an environment of implicit threat regarding Plaintiff's liberty. 10. During this meeting, Plaintiff was coerced into providing a handwritten statement to the **JOHN DOE OFFICER** . 11. This statement was obtained in violation of Utah's electronic recording laws and was later suppressed by the Court for being obtained under duress. 12. Based on this illegal confession, Plaintiff was arrested on a no-bail warrant, causing him to miss classes and exams at UVU.

**V. DAMAGES** 13. **Financial:** Total loss of UVU tuition and ongoing liability for **$5,000** in student loans. 14. **Academic:** Permanent destruction of GPA and loss of career opportunities due to forced failing grades while incarcerated.

**VI. CLAIMS FOR RELIEF**

- **COUNT I:** 42 U.S.C. § 1983 Conspiracy (All Defendants).
- **COUNT II:** Abuse of Process (Groves, City of Orem, John Doe).
- **COUNT III:** Malicious Prosecution (Dale Cunningham).

**PRAYER FOR RELIEF** Plaintiff requests compensatory damages, general damages for academic career destruction, and punitive damages for the malicious use of state authority.

**JURY TRIAL DEMANDED**

Dated: April 24, 2026 **Harrison Bradley Cunningham** 3082 E Briarwood Circle, LaBelle, FL 33935